UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN STEVE HERAS MORALES,<br><br>                    Petitioner,<br><br>v.<br><br>M. ARVIZA, Warden, et al.,<br><br>                    Respondents. | Case No.: 23cv1230 CAB (AHG)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a federal prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (*see* ECF No. 1), but has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis.

**FAILURE TO SATISFY FILING FEE REQUIREMENT**

Because this Court cannot proceed until Petitioner has either paid the filing fee or qualified to proceed in forma pauperis, the Petition is subject to dismissal without prejudice. *See* CivLR 3.2; Rules 1(b), 3(a), 28 U.S.C. foll. § 2254.  If Petitioner wishes to proceed with this action, he must submit a copy of this order with the requisite $5.00 fee or adequate proof he cannot pay the fee.

**VENUE**

A habeas petition filed pursuant to § 2241 must be brought in the district in which the petitioner is presently confined while a challenge under § 2255 must be brought in the

district in which the petitioner was convicted. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). Petitioner is currently incarcerated at the Federal Correctional Institution Mendota, located in Fresno County, California. (*See* ECF No. 1 at 1.) As such, § 2241 jurisdiction exists in Petitioner's district of confinement, the Eastern District of California, and not in the Southern District. *See* 28 U.S.C. 84(b); *see also e.g. Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989) ("Where . . . a prisoner challenges the manner in which the federal authorities are executing his federal sentences, it is not necessarily advantageous to have the federal district court which sentenced him resolve his section 2241 habeas corpus petition . . . The proper forum to challenge the execution of a sentence is the district where the prisoner is confined."), citing *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984).

Meanwhile, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a) (emphasis added). While Petitioner has a criminal judgment issued by the Southern District of California, he appears to indicate he is not intending to proceed with a challenge under § 2255. (*See* ECF No. 77 in So. Dist. Cal. Case No. 20cr2184-CAB-1; *see also* ECF No. 1 at 2.) However, in an abundance of caution and because the instant habeas action in any event remains subject to dismissal for failure to satisfy the filing fee requirement, the Court will provide Petitioner an opportunity to clarify whether he intends to proceed with a challenge under § 2241 or § 2255.

## CONCLUSION AND ORDER

The Petition is **DISMISSED** without prejudice for failure to satisfy the filing fee requirement. To have this case reopened, Petitioner must submit a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee, **no later than**

1  **September 5, 2023**.  For Petitioner's convenience, the Clerk of Court shall send a blank Southern District of California In Forma Pauperis Application to Petitioner along with a copy of this Order.

With respect to venue, to the extent Petitioner is attempting to proceed with a habeas action pursuant to § 2241, he may do so by filing a Petition under 28 U.S.C. § 2241 in his present district of confinement as discussed above, currently the Eastern District of California.  If Petitioner instead intends to challenge a conviction and judgment entered in the Southern District of California, any such challenge may not be brought by way of § 2241 but may only be brought by way of § 2255.

**IT IS SO ORDERED.**

Dated:  July 7, 2023

Hon. Cathy Ann Bencivengo
United States District Judge