# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN STEVE HERAS MORALES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>M. ARVIZA,<br><br>　　　　　Respondent. | Case No. 1:23-cv-01283-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>(ECF No. 15)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Cristian Steve Heras Morales is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that the Federal Bureau of Prisons is withholding proper application of jail credit. For the reasons discussed herein, the undersigned recommends granting Respondent's motion to dismiss and dismissing the petition for writ of habeas corpus without prejudice for nonexhaustion.

**I.**

**BACKGROUND**

Petitioner currently is in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Mendota, California ("FCI Mendota"). (ECF No. 1 at 1.[1]) Petitioner pleaded guilty to importation of methamphetamine in the United States District Court

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

1 for the Southern District of California, and on June 8, 2022, Petitioner was sentenced to an
2 imprisonment term of twenty-four months. (ECF No. 1 at 1; Gandy Decl. Attach. 9, ECF No. 15-
3 1.)
4       On June 26, 2023, Petitioner filed the instant § 2241 habeas petition in the United States
5 District Court for the Southern District of California. (ECF No. 1.) On August 22, 2023, the
6 Southern District of California ordered that the petition be transferred to this Court. (ECF No. 5.)
7 In the petition, Petitioner asserts that the sentencing judge credited Petitioner eight months
8 towards his federal sentence and contends that the BOP is violating the federal judgment and
9 withholding proper application of credit. (ECF No. 1 at 5.) On December 18, 2023, Respondent
10 filed a motion to dismiss the petition for nonexhaustion. (ECF No. 15 at 3–4.) Respondent also
11 argues that the petition should be denied on the merits. (Id. at 3.) To date, no opposition or
12 statement of nonopposition has been filed, and the time for doing so has passed.

## II.
## DISCUSSION

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, because it is not a jurisdictional prerequisite, exhaustion can be waived. Id. (citations omitted). "Exhaustion is not required if: (1) administrative remedies would be futile; (2) the actions of the agency clearly and unambiguously violate statutory or constitutional rights; or (3) the administrative procedure is clearly shown to be inadequate to prevent irreparable injury." Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir. 1991).

The BOP grievance process is set forth at 28 C.F.R. § 542.10 *et seq*. "As a first step in this process, an inmate normally must present his complaint informally to prison staff using a BP–8 form." Nunez v. Duncan, 591 F.3d 1217, 1219 (9th Cir. 2010). "If the informal complaint does not resolve the dispute, the inmate may make an 'Administrative Remedy Request' concerning the dispute to the prison Warden using a BP–9 form." Nunez, 591 F.3d 1219. "If the Warden renders an adverse decision on the BP–9, the inmate may appeal to the Regional

Director using a BP–10 form." Nunez, 591 F.3d 1219. "The inmate may appeal an adverse decision by the Regional Director to the Central Office (also called the General Counsel) of the BOP using a BP–11 form." Nunez, 591 F.3d 1219. A final decision from the Office of General Counsel completes the BOP's administrative remedy process. 28 C.F.R. § 542.15(a).

Respondent argues that dismissal of the petition is warranted because Petitioner failed to exhaust the administrative remedy process to either the BOP's Regional Director or General Counsel. (ECF No. 15 at 4.) In the petition, Petitioner states that he filed BP–8 and BP–9 forms. (ECF No. 1 at 2–3.) Petitioner did not pursue further administrative appeals to the Regional Director or General Counsel because the BP–9 "was rejected based on false pretense claiming [Petitioner] did not file a BP 8 which is not true." (Id. at 4.)

It is undisputed that Petitioner failed to exhaust the BOP's administrative remedy process. Petitioner also fails to show that any exceptions to exhaustion are applicable. Although the petition alleges that Petitioner did not pursue further administrative appeals to the Regional Director or General Counsel because the BP–9 "was rejected based on false pretense claiming [Petitioner] did not file a BP 8 which is not true," (ECF No. 1 at 4), Petitioner has not demonstrated that the allegedly improper denial of the BP–9 rendered the administrative remedy process effectively unavailable or otherwise inadequate, or that he was prevented from continuing his appeal to the Regional Director and the General Counsel. Indeed, Petitioner has not filed any opposition to Respondent's motion to dismiss on this issue. Accordingly, dismissal is warranted for nonexhaustion.[2]

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 15) be GRANTED and the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE.

---

[2] In light of this conclusion, the Court declines to address the merits of Petitioner's claim. This determination, however, does not prevent Petitioner from returning to this Court after he has exhausted administrative remedies or from pursuing relief by filing an appropriate motion in the sentencing court.

Further, the Clerk of Court is DIRECTED to randomly ASSIGN a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 12, 2024**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE