# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN STEVE HERAS MORALES,<br><br>  Petitioner,<br><br>  v.<br><br>M. ARVIZA,<br><br>  Respondent. | Case No. 1:23-cv-01283-JLT-EPG-HC<br><br>ORDER VACATING FINDINGS AND RECOMMENDATION<br><br>(ECF No. 17)<br><br>ORDER FOR SUPPLEMENTAL BRIEFING |

Petitioner Cristian Steve Heras Morales is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On March 13, 2024,[1] the undersigned issued findings and recommendation recommending that Respondent's motion to dismiss be granted based on nonexhaustion. (ECF No. 17.) The Court found:

> Although the petition alleges that Petitioner did not pursue further administrative appeals to the Regional Director or General Counsel because the BP–9 "was rejected based on false pretense claiming [Petitioner] did not file a BP 8 which is not true," (ECF No. 1 at 4), Petitioner has not demonstrated that the allegedly improper denial of the BP–9 rendered the administrative remedy process effectively unavailable or otherwise inadequate, or that he was prevented from continuing his appeal to the Regional Director and the General Counsel. Indeed, Petitioner has not filed any opposition to

---

[1] The findings and recommendation was signed on March 12, 2024, but not docketed until March 13, 2024.

1

>Respondent's motion to dismiss on this issue. Accordingly, dismissal is warranted for nonexhaustion.

(ECF No. 17 at 3.[2])

On March 19 and April 3, 2024, the Court received Petitioner's objections. (ECF Nos. 18, 19.) Therein, Petitioner states:

>I filed a BP8 for my miscalculation on my time credit and they did not resolve my dispute so I filed a BP9 to the Warden in my prison for my miscalculations of time credit and they still didn't resolve my dispute . . . . So after that I filed a BP–10 to Western Region stating about [sic] my federal time credit . . . and they never gave me a response. After 3 weeks I sent that BP–10 I sent another one to Western Region and a month pass[ed] and I never got any response so I just gave up and I filed this 2241 motion.

(ECF No. 18.) Petitioner indicates that his attorney has documentation regarding Petitioner's attempts to exhaust his administrative remedies. (ECF No. 19.)

Based on the foregoing, the Court will vacate the findings and recommendation. However, the Court will allow the parties to expand the record and file additional briefing on the exhaustion issue if Respondent contends that dismissal for failure to exhaust administrative remedies is still warranted.

Additionally, for the reasons set forth below, the Court will order the parties to expand the record and file additional briefing on the merits of the petition.

On July 3, 2020, federal authorities arrested Petitioner as he applied for entry into the United States from Mexico at the San Ysidro port of entry in San Diego, California. Authorities discovered methamphetamine during the search of Petitioner's motor vehicle. On July 4, 2020, federal authorities released Petitioner on his own recognizance with a notice to appear before a United States Magistrate Judge on July 15, 2020. (Gandy Decl. 2 ¶ 3, Attach. 1–2, ECF No. 15-1.) On July 15, 2020, Petitioner appeared before a magistrate judge in the United States District Court for the Southern District of California, posted a $20,000 bond, and was released. (Gandy Decl. 2 ¶ 4, Attach. 4.)

On August 10, 2020, local authorities arrested Petitioner in Los Angeles County. (Gandy

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

2

1  Decl. 2 ¶ 5.) On July 12, 2021, the Los Angeles Superior Court sentenced Petitioner to the
2  following: four-year term of imprisonment for a parole violation in Case No. VA 149078-01;
3  339-day term of imprisonment for a parole violation in Case No. 9DN00235; and a 264-day term
4  of imprisonment for DUI charges in Case No. 0DN04649. Petitioner received 678 days of prior
5  custody credit on his sentences. (Gandy Decl. 2 ¶ 6.)
6      On October 15, 2021, Petitioner was transferred to the custody of the United States
7  Marshals Service ("USMS") via a writ of habeas corpus ad prosequendum. (Gandy Decl. 3 ¶ 7.)
8  Petitioner pleaded guilty to importation of methamphetamine, and on June 8, 2022, the United
9  States District Court for the Southern District of California sentenced Petitioner to an
10 imprisonment term of twenty-four months. (Gandy Decl. Attach. 9.)
11     On June 26, 2023, Petitioner filed the instant § 2241 habeas petition in the United States
12 District Court for the Southern District of California. (ECF No. 1.) On August 22, 2023, the
13 Southern District of California ordered that the petition be transferred to this Court. (ECF No. 5.)
14 In the petition, Petitioner asserts that his federal sentence started on October 15, 2021, when he
15 was transferred to the custody of the USMS, and that the sentencing judge credited Petitioner
16 eight months of prior custody credit towards his federal sentence. Petitioner contends that the
17 BOP is violating the federal judgment and withholding proper application of credit. (ECF No. 1
18 at 5.) Respondent argues that the petition should be denied on the merits because the state
19 maintained primary jurisdiction of Petitioner between October 15, 2021 and August 7, 2022,
20 Petitioner received state custody credit for this period, and the federal sentencing judge "refused
21 to interfere with BOP's exclusive authority to determine credit offsets." (ECF No. 15 at 3.)
22     It appears that Petitioner may be basing his claims on the following statements made by
23 the judge during the sentencing hearing:
24
25
26
27
28

> Before you proceed, Counsel, I do want to try to make sure the
> Court has a handle on his time-served issues here. So it's my
> understanding that at the date of arrest he was given a notice to
> appear back in July of 2020. That resulted in a remand on a state
> matter because it was a violation of his probation. He was
> remanded to state custody on or about August 10th of 2020 where
> he remained to complete a state sentence until about October 15th
> of 2021 and then was writted over to federal custody on or about
> October 29th of 2021 where he began a custodial term that could

3

be credited toward this case. Is that correct?

Sentencing Tr. 3, United States v. Heras Morales, No. 3:20-cr-02184 (S.D. Cal.), ECF No. 78.[3]

Defense counsel affirmed that the court was correct. Id. Defense counsel further stated:

> Circling back to the concurrent times. We did everything we could, the government did everything they could, as did the Court to try to bring Mr. Heras here. We spent a lot of time circling back and forth just chasing to try to get Mr. Heras here, which was none of our faults, but I feel as though the Court was robbed the opportunity at that time to consider granting concurrent time if the Court so wanted.

Sentencing Tr. 5. The language above could imply that Petitioner's state sentence was already completed and thus, the federal sentencing court was unable to impose a federal sentence to run concurrently with Petitioner's state sentence. Indeed, in the sentencing memorandum defense counsel states that "Mr. Heras has completed his term of imprisonment in the state case." Def.'s Sentencing Mem. at 7, Heras Morales, No. 3:20-cr-02184 (S.D. Cal. May 24, 2022), ECF No. 68. The probation officer informed the court that Petitioner's "updated custody credits for his federal time is 223 days," Sentencing Tr. 6, indicating that the time spent in federal custody would be credited toward Petitioner's federal sentence, and thus, had not been credited against another sentence (*i.e.*, the state sentence was already completed). See Schleining v. Thomas, 642 F.3d 1242, 1245 n.2 (9th Cir. 2011) ("18 U.S.C. § 3585(b) allows the BOP to grant a federal prisoner credit for time spent in state or federal custody before imposition of his federal sentence, but only if that term of pre-sentence imprisonment '*has not been credited against another sentence.*'" (quoting 18 U.S.C. § 3585(b))).

Based on the foregoing, there appears to be a discrepancy between: (a) Respondent's assertion in the instant proceeding that Petitioner completed his state sentence on August 7, 2022, and received credit for the period of October 15, 2021 and August 7, 2022 against his state sentence; and (b) the apparent understanding of the parties, probation officer, and judge in

---

[3] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)). See also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER."); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

Petitioner's federal criminal case that Petitioner had already completed his state sentence and began a custodial term in October 2021 that could be credited toward his federal sentence.

The Court finds that supplemental briefing and expansion of the record regarding this discrepancy would be helpful to the Court in this matter.

Accordingly, the Court HEREBY ORDERS:

1. The findings and recommendation issued on March 13, 2024 (ECF No. 17) is VACATED;
2. Within thirty (30) days of the date of service of this order, Respondent SHALL FILE:
   a. a supplemental brief addressing the issues set forth above; and
   b. any and all transcripts or other documents necessary for the resolution of the issues set forth above, including, but not limited to, any presentence report filed in Petitioner's Southern District of California criminal case; and
3. Within thirty (30) days of the date of service of Respondent's supplemental brief, Petitioner may file a response.

IT IS SO ORDERED.

Dated: **April 19, 2024**      /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE